UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIGUEL ANGEL BENITEZ-FARIAS,<br><br>    Defendant. | No. CR-99-71-FVS<br><br>ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

   This matter comes before the Court on Defendant's Motion to Modify and Correct Sentence Pursuant to 28 U.S.C. § 2255. (Ct. Rec. 74).

**BACKGROUND**

   On November 4, 1999, the Court sentenced the Defendant to 120 months imprisonment. (Ct. Rec. 54). Judgment was entered on November 17, 1999. (Ct. Rec. 56). This sentence was based on a jury verdict finding the Defendant guilty of two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and the Defendant's guilty plea of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. (Ct. Recs. 39-41, 45-47). The Defendant appealed and the Ninth Circuit affirmed. (Ct. Rec. 74). The Defendant's motion is dated April 19, 2004, and was filed with this court on May 1, 2006. (Ct. Rec. 74).
//

ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 1

**RULING**

A motion for relief under § 2255 must be filed within one year of the date on which the judgment of conviction becomes "final." 28 U.S.C. § 2255(1). The Defendant was sentenced on November 4, 1999, and the Judgment was filed on November 17, 1999. (Ct. Recs. 54, 56). He appealed and the Ninth Circuit affirmed his conviction and sentence on February 14, 2001. (Ct. Rec. 73). The Defendant did not file a petition for writ of certiorari with the United States Supreme Court. When a prisoner's conviction is affirmed on appeal and the prisoner does not file a petition for writ of certiorari, the judgement of conviction becomes "final" when the time for filing a petition for certiorari expires. *Clay v United States*, 537 U.S. 522, 525, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003). The time for seeking certiorari expires ninety (90) days after the Court of Appeals enters its judgment. *See United States v. Garcia*, 210 F.3d 1058, 1059 n. 13 (9th Cir. 2000) (citing Supreme Court Rule 13). Accordingly, Defendant's conviction became final on May 15, 2001. However, Defendant's motion is dated April 19, 2006. (Ct. Rec. 74). Thus, Defendant's § 2255 motion is untimely. The Defendant's attempt to rely on the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to alter the commencement date of the statute of limitations fails because the Supreme Court has not made the rights announced in *Blakely* and *Booker* retroactively applicable to cases on collateral review for purposes of a motion filed under 28 U.S.C. § 2255. *See*

ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 2

*Booker*, 543 U.S. at 268, 125 S.Ct. at 769 (holding that *Booker* applies "to all cases on direct review"); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (holding that *Booker* is not retroactive and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication); Schardt *v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005)(holding that *"Blakely* did not announce a watershed rule of criminal procedure" and therefore does not apply retroactively). Because Defendant's motion is untimely, the Court need not reach the merits of Defendant's claims. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Modify and Correct Sentence Pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 74**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive shall enter this order and furnish a copy to the Defendant.

**DATED** this 30th day of June, 2006.

*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 3